UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID TROUPE,<br><br>           Plaintiff,<br><br>      v.<br><br>KENNITH R. BRODHEAD, LINDA W. BELANGER, KEVIN WALKER, and CHRISTOPHER BOWMAN,<br><br>           Defendants. | No. 13-CV-5028-EFS<br><br>**ORDER ENTERING RULINGS FROM APRIL 22, 2015 TELEPHONIC MOTION HEARING** |
| DAVID TROUPE,<br><br>           Plaintiff,<br><br>      v.<br><br>WALTER END,<br><br>           Defendant. | No. 13-CV-5036-EFS |
| DAVID TROUPE,<br><br>           Plaintiff,<br><br>      v.<br><br>KATRINA SUCKOW, BONNIE KLAHN, THOMAS ROE, and DANA O. FAYETTE,<br><br>           Defendants. | No. 13-CV-5038-EFS |

     A hearing occurred in the above-captioned matters on April 22, 2015.   Plaintiff David Troupe, who represents himself, appeared telephonically from the Washington State Penitentiary (WSP). Assistant Attorney General Amy Clemmons appeared telephonically on

ORDER - 1

behalf of all Defendants in all cases.  Before the Court were the following motions:

    1. Plaintiff's Injunction Request and Motion to Compel filed April 3, 2015.  13-CV-5028, ECF No. 134; 13-CV-5036, ECF No. 69; 13-CV-5038, ECF No. 65.

    2. Plaintiff's Motion to Compel Amy Clemmons to Destroy all Non-Essential Medical Records of Plaintiff's filed April 10, 2015.  13-CV-5028, ECF No. 136; 13-CV-5036, ECF No. 72; 13-CV-5038, ECF No. 67.

    3. Plaintiff's Motion to Allow Deposition Under Rule 32(b)(3)(a) of all Defendants filed April 10, 2015.  13-CV-5028, ECF No. 137; 13-CV-5036, ECF No. 73; 13-CV-5038, ECF No. 68.[1]

## I.  **PRELIMINARY MATTERS**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  At the hearing, "on its own," Fed. R. Civ. P. 12(f)(1), the Court struck paragraph 8 on page 2, paragraph 13 on page 3, and paragraph 1 on page 4 from Plaintiff's Motion to Compel Amy Clemmons to Destroy all Non-Essential Medical Records of Plaintiff's, 13-CV-5028, ECF No. 136; 13-CV-5036, ECF No. 72; 13-CV-5038, ECF No. 67.

//

/

---

[1] The Court declined to consider this motion at the hearing because Defendants had not yet had the chance to respond, but the Court now considers the motion because Defendants responded on April 24, 2015.  ECF No. 77.

ORDER - 2

## II. **PLAINTIFF'S INJUNCTION REQUEST AND MOTION TO COMPEL**

Plaintiff asks the Court to issue an injunction or an order to compel WSP employees to allow him access to his legal work and to permit Plaintiff to swap out legal work at least two times a week. He also requests that the Court warn Ms. Clemmons and her clients that sanctions may be imposed if they deliberately prevent Plaintiff from accessing his legal work.

In response, Defendants filed a declaration by Custody Unit Supervisor Charles Pease. Mr. Pease states that Mr. Troupe is subject to the same property requirements as other inmates. Mr. Troupe is allowed to keep one box of legal materials in his cell at a time and may swap the legal materials in his cell for other legal materials kept in storage. Property is searched each time it is transferred, and property searches are conducted on a first-come, first-served basis. Mr. Pease states that Mr. Troupe has four boxes of legal materials. He was without his legal materials from February 11–27 while they were being searched after his return to WSP. On March 3 and 16, he was allowed to access all of his materials to organize and label them. On February 27, Mr. Troupe asked to exchange 10 folders for "any 10" more and also returned 11 folders and requested 21 more. He received the requested materials on March 3rd. On that same day, he returned three folders and requested 15 more, which he received on March 16th (there was a delay because WSP had to clarify which folders he wanted). Since his return to WSP in February, Mr. Troupe has received one infraction for keeping contraband in his legal box in his cell.

ORDER - 3

During the hearing, Mr. Troupe alleged that Mr. Pease lied in his declaration and that Mr. Troupe has proof that the declaration was falsified. Mr. Troupe stated that he only had access to his medical records on April 2, not April 1 and 2 as Mr. Pease declared. Mr. Troupe also stated that another WSP employee swears he has not given Mr. Troupe any compact discs (CD) to review, even though Mr. Pease declared that Mr. Troupe had access to CDs on March 20. Although Mr. Troupe submitted a reply related to his Motion to Compel Amy Clemmons to Destroy all Non-Essential Medical Records of Plaintiff's, 13-CV-5028, ECF No. 145; 13-CV-5036, ECF No. 82; 13-CV-5038, ECF No. 75, and filed several new motions, *see, e.g.*, 13-CV-5028, ECF Nos. 143, 144 & 146, he did not submit a reply or any other documentation in support of his Injunction Request and Motion to Compel and the allegations he made at the hearing.

Having carefully reviewed all of the parties' submissions and listened to their oral argument during the hearing, the Court is satisfied that the Department of Corrections's (DOC) policies are reasonable and are being appropriately followed. The Court finds Mr. Pease's declaration to be credible. The Court concludes that Mr. Troupe has adequate access to his legal work, taking into account the necessary safety measures and appropriate penological objectives.[2] Though it understands the challenges Plaintiff faces in pursuing this litigation, the Court notes that such challenges are inherent when an individual chooses to litigate multiple lawsuits simultaneously. The

---

[2] The fact that Mr. Troupe recently received an infraction for keeping contraband in his legal box demonstrates the continued necessity of heightened safety measures and supports the Court's decision not to interfere with DOC's safety procedures.

1 Court has extended time when appropriate to ensure Mr. Troupe is not
2 denied access to the courts.  For the above reasons, Plaintiff's
3 Injunction Request and Motion to Compel is denied.

4 **III.  PLAINTIFF'S MOTION TO COMPEL AMY CLEMMONS TO DESTORY ALL NON-**
5 **ESSENTIAL MEDICAL RECORDS OF PLAINTIFF'S**

6      Plaintiff argues that Ms. Clemmons is in possession of medical
7 records other than those necessary for the defense.  Defendants
8 respond that the records were produced by stipulation, are subject to
9 an agreed protective order, and will be destroyed after the litigation
10 is complete.  Plaintiff's reply reiterates the arguments made in his
11 motion.  Plaintiff previously filed a similar motion, 13-CV-5028, ECF
12 No. 76, which the Court denied, finding that his records were relevant
13 to the litigation, that they were adequately protected by the Joint
14 Agreed Protective Order, and that there is no evidence Ms. Clemmons
15 has failed to abide by the protective order.  13-CV-5028, ECF No. 87.
16 For these same reasons, Plaintiff's present Motion to Compel Amy
17 Clemmons to Destroy all Non-Essential Medical Records of Plaintiff's
18 is also denied.

19 **IV.  PLAINTIFF'S MOTION TO ALLOW DEPOSITION UNDER RULE 32(B)(3)(A)**

20      Plaintiff asks the Court to allow him to depose Defendants.
21 Defendants respond that Plaintiff's request does not comply with the
22 Federal Rules of Civil Procedure because he did not provide written
23 notice to the opposing party, Fed. R. Civ. P. 30(b)(1), has not
24 arranged for an appropriate person before whom depositions may be
25 taken, Fed. R. Civ. P. 28, and did not confer with defense counsel
26 before filing this motion, Fed. R. Civ. P. 37(a)(2)(A).

ORDER - 5

Although Plaintiff cites Rule 32(b)(3)(A), the Court construes his motion to reference Rule 30(b)(3)(A) because Rule 32(b)(3)(A) does not exist. *See* Fed. R. Civ. P. 32. Rule 30(b)(3)(A) provides that the party noticing a deposition must state the method of recording the deposition in the notice and must pay the recording costs. Fed. R. Civ. P. 30(b)(3)(A). Neither Rule 30 nor the Court's Scheduling Order requires that the Court give permission for Plaintiff to depose Defendants. Rule 30 requires the Court's leave if the person being deposed is confined in prison, but does not address the situation where the person conducting the deposition is imprisoned. *See* Fed. R. Civ. P. 30(a)(2)(B).

If Plaintiff seeks to take Defendants' depositions, he must consult with defense counsel and make arrangements that comply with the Federal Rules of Civil Procedure. No Court action is required, so Plaintiff's motion is denied as moot in case number 13-CV-5028.[3] However, because discovery has closed in both 13-CV-5036 and 13-CV-5038, Plaintiff's motion is denied in these cases.

### V.   SCHEDULING MATTERS

As the Court informed Mr. Troupe at the hearing, it finds no reason at present to revisit the timelines set forth in its scheduling orders. The Court has previously extended deadlines upon motion of either party and a showing of good cause. No such motions are pending presently. Additionally, the Court will not re-open the discovery period in 13-CV-5036 and 13-CV-5038 because the discovery cutoff has already passed and no motions for extension were filed.

---

[3] The discovery cutoff in 13-CV-5028 is May 6, 2015. Second Amended Scheduling Order, ECF No. 130.

ORDER - 6

### VI.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Paragraph 8 on page 2, paragraph 13 on page 3, and paragraph 1 on page 4 of Plaintiff's Motion to Compel Amy Clemmons to Destroy all Non-Essential Medical Records of Plaintiff's, **13-CV-5028, ECF No. 136; 13-CV-5036, ECF No. 72; 13-CV-5038, ECF No. 67** are **STRICKEN**.

2. Plaintiff's Injunction Request and Motion to Compel, **13-CV-5028, ECF No. 134; 13-CV-5036, ECF No. 69; 13-CV-5038, ECF No. 65**, is **DENIED**.

3. Plaintiff's Motion to Compel Amy Clemmons to Destroy all Non-Essential Medical Records of Plaintiff's, **13-CV-5028, ECF No. 136; 13-CV-5036, ECF No. 72; 13-CV-5038, ECF No. 67**, is **DENIED**.

4. Plaintiff's Motion to Allow Deposition Under Rule 32(b)(3)(a) of all Defendants in case number **13-CV-5028, ECF No. 137,** is **DENIED AS MOOT.** Plaintiff's Motion to Allow Deposition Under Rule 32(b)(3)(a) of all Defendants in case numbers **13-CV-5036, ECF No. 73,** and **13-CV-5038, ECF No. 68**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and Mr. Troupe.

**DATED** this ___27th___ day of April 2015.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge