UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID TROUPE,<br><br>          Plaintiff,<br><br>      v.<br><br>KENNITH R. BRODHEAD,<br><br>          Defendants. | No. 13-CV-5028-EFS<br><br>**ORDER REGARDING CONSOLIDATION** |
| DAVID TROUPE,<br><br>          Plaintiff,<br><br>      v.<br><br>KATRINA SUCKOW, BONNIE KLAHN, and<br>THOMAS ROE,<br><br>          Defendants. | No. 13-CV-5038-EFS |

Before the Court are numerous motions by the parties as well as the issue of consolidation. The Court takes each issue in turn.

**I.   Consolidation of Cases**

Federal Rule of Civil Procedure 42(a) permits a court to "join for trial" or consolidate actions before the Court that "involve a common question of law or fact." On April 18, 2016, the Court requested briefing by the parties on whether consolidating these two cases was appropriate. The Court believed that given the similar questions of law and fact and the similar procedural postures,

ORDER REGARDING CONSOLIDATION - 1

1    consolidation was appropriate. The Defendants responded and are in

2    favor of consolidation but request a continuance if the Court choses

3    to do so. ECF Nos. 203 & 204. Plaintiff does not oppose consolidation

4    but requests mediation if the Court consolidates.

5        Both of these cases are now past the discovery and summary

6    judgment stages of litigation. Plaintiff in both cases alleges Eighth

7    Amendment violations by employees of the Washington State

8    Penitentiary. The backgrounds in these two cases are substantially

9    the same. Therefore, pursuant to Federal Rule of Civil Procedure

10   42(a), the Court consolidates these two cases finding that both cases

11   have similar questions of law and fact, and that judicial economy and

12   the ends of justice are best served by combining these two cases. The

13   Court sets new trial and pretrial dates, as well as additional

14   deadlines below.

15       As to Plaintiff's request for mediation, the Court is not

16   opposed to the idea. However, the Court will not force the parties to

17   mediate if they do not want to participate. It is clear that the

18   Plaintiff seeks mediation. However, the Court will order mediation

19   only if the Defendants believe it also proper. By no later than May

20   31, 2016, Defendants must file a notice with the Court indicating

21   whether they support referring this case to mediation.

22   **II.  Motion for Protective Order, Case No. 13-CV-5038, ECF No. 195**

23       Plaintiff seeks a protective order in *Troupe v. Suckow,* 13-CV-

24   5038. ECF No. 195. Plaintiff appears to seek an order requiring

25   either that 1) Ms. Amy Clemmons be forced to remain as the attorney

26   of record in this case or 2) bar all other attorneys for the

Washington State Attorney General's office from accessing the records in this matter. As to Plaintiff's first request, Local Rule 83.2(d)(3) states: "Where there has simply been a change (withdrawal or addition) of counsel within the same law firm, and order of substitution is not required." If two attorneys practice in the same law firm, they may substitute in on a case without permission from the Court. Therefore, the Court will not force Ms. Clemmons to remain on this case if the Attorney General's Office believes it in its best interest to substitute counsel.

As to Plaintiff's privacy concerns, the Court expects that the Attorney General's Office, and all the attorneys working on this case, will take reasonable measures to protect the medical and mental health records of Plaintiff. However, the Court will not bar certain individuals who work in that office from accessing those records. Therefore, Plaintiff's Motion for Protective Order, ECF No. 195, is denied.

**III. Motion for 25 Blank Subpoenas, Case No. 13-CV-5038, ECF No. 212**

Plaintiff asks for "25 blank subpoenas for witnesses in #13-CV-5038-EFS July 18, 2016 trial" without explanation or clarification. The Court assumes that this request is in response to the Court's previous Order Regarding Plaintiff's Trial Witnesses, ECF No. 202. As the Court stated in that order, if Plaintiff wants to subpoena witnesses, "he must first file a motion with the Court clearly and specifically identifying 1) the first and last name of each witness for whom he seeks the issuance of a trial subpoena, and 2) the witness's address at which service will be effected." A motion

1   requesting 25 blank subpoenas, more than is currently on his witness

2   list, without explanation or clarification, does not suffice.

3       Additionally, Plaintiff has failed to abide by the Court's

4   scheduling order in that his witness list, ECF No. 214, fails to

5   "include a brief description of the witness, a brief summary of the

6   witness' anticipated testimony, whether the witness will be called as

7   an expert, and any known trial date/time conflicts that witness has."

8   ECF No. 173.

9       For these reasons, Plaintiff's Motion for 25 Blank Subpoenas,

10  ECF No. 212, is denied. If Plaintiff wants to subpoena witnesses for

11  trial, he must file a list of witnesses with the Court clearly

12  stating what he expects each witness to testify to and why that

13  testimony is relevant to the narrow Eighth Amendment claims in these

14  cases. The Court will then send the subpoenas for those witnesses and

15  will not permit him to subpoena witnesses that have not been approved

16  by the Court. New deadlines for witness lists are delineated below.

17  **IV.   Motion to Approve a Subpoena, Case No. 13-CV-5038, ECF No. 215**

18      Plaintiff asks the Court to approve a discovery subpoena in

19  *Troupe v. Suckow,* 13-CV-5038. ECF No. 215. The Court reminds

20  Plaintiff that discovery in these cases has ended. All that remains

21  for both of these cases is to prepare for trial using the discovery

22  already obtained. No further discovery subpoenas will be approved.

23  Only trial subpoenas will be issued and only after the requirements

24  in the Court's orders have been met. Therefore, Plaintiff's Motion to

25  Approve Subpoena, ECF No. 215, is denied.

26  /

ORDER REGARDING CONSOLIDATION - 4

**V.    Motion for Reconsideration, Case No. 13-CV-5028, ECF No. 268**

Plaintiff asks the Court to reconsider its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. ECF No. 268. Specifically, Plaintiff argues that Mr. Christopher Bowman should not be dismissed from this case. Plaintiff, however, provides no new evidence or case law supporting his proposition. He simply argues that Mr. Bowman retaliated against him in a different way. As the Court stated in its order, Plaintiff has failed to show an essential element of his First Amendment retaliation claim against Mr. Bowman and therefore summary judgment is appropriate. Therefore, Plaintiff's Motion for Reconsideration, Case No. 13-CV-5028, ECF No. 268, is denied.

**VI.   Conclusion & Deadlines**

The parties must carefully read the Court's prior Scheduling Order, ECF No. 173, and abide by its requirements that are not superseded by the deadlines below. The following deadlines apply to the single consolidated remaining case:

| | |
|---|---|
| Witness and Exhibit lists:<br>      Lists filed and served:<br>      Objections filed and served: | **September 1, 2016**<br>**September 9, 2016** |
| Deposition Designations:<br>      Designated Transcripts served:<br>      Cross-Designations served:<br>      Objections filed and served: | **August 12, 2016**<br>**August 19, 2016**<br>**August 26, 2016** |
| All motions *in limine* filed | **September 1, 2016** |
| Joint Proposed Pretrial Order filed and emailed to the Court | **September 23, 2016** |
| Confer with Courtroom Deputy regarding JERS | **1 Week Before Pretrial** |
| **PRETRIAL CONFERENCE** | **October 4, 2016**<br>**1:30 P.M. – Richland** |

| Trial briefs, jury instructions, verdict forms, requested voir dire, and list of exhibits admitted without objection, filed and emailed to the Court | **October 10, 2016** |
|---|---|
| Mediation, if any, must be completed by | **90 Days Before Trial** |
| **JURY TRIAL** | **October 24, 2016 9:30 A.M. - Richland** |

The parties do not need to refile the motions in limine they have already filed. Those will be heard at the October 4, 2016 pretrial conference. If the parties wish to file additional motions in limine, *specific to the claim against Officer Brodhead*, which are being consolidated into this case, they must do so by the deadlines listed above.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Protective Order**, Case No. 13-CV-5038, ECF No. 195, is DENIED.**

2. Plaintiff's Motion for 25 Blank Subpoenas, **Case No. 13-CV-5038, ECF No. 212, is DENIED.**

3. Plaintiff's Motion to Approve a Subpoena, **Case No. 13-CV-5038, ECF No. 215, is DENIED.**

4. Plaintiff's Motion for Reconsideration, **Case No. 13-CV-5028, ECF No. 268, is DENIED.**

5. *Troupe v. Brodhead*, 4:13-CV-5028-EFS, and the single remaining Eighth Amendment claim against Officer Brodhead is merged into this case.

6. **All future filings in either case shall be filed under Case Number 4:13-CV-5038-EFS,** unless the Court later directs

1    otherwise.   Case   Number   4:13-CV-5028-EFS   shall   be

2    administratively closed.

3    **7.**    The Caption is hereby **AMENDED.**   All papers filed in this

4    action shall hereinafter use the caption "DAVID TROUPE,

5    Plaintiff, v. KENNITH BROADHEAD, KATRINA SUCKOW, BONNIE

6    KLAHN, and THOMAS ROE, Defendants," and shall bear the

7    docket number, "**4:13-CV-5038-EFS.**"

8    **8.**    All parties in both cases are to file all documents

9    pursuant to the deadlines set forth above and subject to

10   the requirements set forth in the Court's December 8, 2015

11   Amended Scheduling Order, ECF No. 173.

12   **9.**    Defendants must file a notice with the Court by May 31,

13   2016, stating whether or not they believe mediation is

14   appropriate in this matter.

15   **10.**   Plaintiff's Motion in Limine, **ECF No. 196**, and Defendants'

16   Motion in Limine, **ECF No. 181**, are **RESET** to be heard at the

17   **October 4, 2016** pretrial conference.

18       **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

19   Order and provide copies to counsel and Mr. Troupe.

20       **DATED** this __17th__ day of May 2016.

21

22                          s/Edward F. Shea
                            _____
                            EDWARD F. SHEA
23                          Senior United States District Judge

24

25

26